## APPEAL OF WESTERN STAR MILLING CO.

Docket No. 2852.    Decided October 20, 1926.

Depreciation reserves relating to tangible assets, set up prior to the taxable year involved, will not be disturbed for invested capital purposes without positive evidence that the depreciation actually sustained had not been written off by the taxpayer.

*Perry J. Barnes, C. P. A.*, for the petitioner.
*Robert A. Littleton, Esq.*, for the Commissioner.

This is an appeal from a deficiency in income and profits tax for the fiscal year ended June 30, 1920, in the amount of $635.78, practically all of which is in controversy. The taxpayer asserts that the Commissioner erroneously reduced invested capital in an amount alleged to represent "insufficient depreciation in prior years," and refused to allow reasonable allowance for exhaustion, wear and tear of property used in the trade or business during the taxable year.

### FINDINGS OF FACT.

The taxpayer is a Kansas corporation with its principal office at Salina, where it is engaged in the business of dealing in milling and marketing wheat and other grains and the by-products resulting from the milling of the same. It was organized in 1901 as the successor of a firm engaged in the same business and took into its books the amount of $20,000 as the cost value of the plant assets acquired from its predecessor. From the date of its organization until June 30, 1920, it increased its plant assets by purchase, as shown by its books, to the amount of $179,680.40, and accumulated a depreciation reserve against the same in the amount of $27,812.61, resulting in a net plant assets account at the close of the taxable year in the amount of $151,867.79, which it included in the computation of its invested capital for excess-profits-tax purposes for such year.

During the period from 1901 to June 30, 1920, it was the consistent practice of the taxpayer to carry into its depreciation reserve at the end of each fiscal year such amounts as, in the best judgment of its officers and directors, represented the actual physical deterioration of its depreciable assets during such year, full weight being given to the cost and effect of repairs and to replacements of equipment worn out and abandoned. Additions to plant assets were sometimes charged against current income as operating expenses and sometimes carried to the plant investment account, and, in some instances, additional replacements and repairs of equipment were charged against the depreciation reserve, which the directors and officers regarded as a sum set apart for maintaining the entire plant at or somewhat in excess of its book value.

Upon audit of the taxpayer's income and profits-tax return for the fiscal year ended June 30, 1920, the Commissioner increased the plant assets account from $179,680.40 to $199,884.46, on account of additions to equipment which the taxpayer had not capitalized, increased the reserve for depreciation to $82,243.95, thereby reducing the plant investment account to $117,640.51 and the invested capital of the taxpayer in the net amount of $34,227.28, and asserted the deficiency here in question. In making such readjustment of the

book value of the taxpayer's depreciable assets, the Commissioner applied the rates of depreciation which are customarily regarded as a fair measure of annual losses sustained by the wear and tear and exhaustion of such property. At June 30, 1920, the depreciable assets of the taxpayer consisted of a water power plant and dam, an office building, two mill buildings, fully equipped, two elevators and a warehouse at Salina, and six country elevators all fully equipped with necessary machinery.

### OPINION.

LANSDON: The only issue involved in this appeal is whether the Commissioner erroneously increased the taxpayer's depreciation reserve by applying recognized formulae to the book value of plant assets from the date of organization to the close of the taxable year The only distinction between this appeal and others that we have hitherto decided in favor of taxpayers on substantially similar evidence, is in the comparatively small amount of the accumulated depreciation reserve. This resulted from the taxpayer's practice of charging much of the cost of repairs and replacements against such reserve. We are of the opinion, however, that the taxpayer's books of account fairly reflected the depreciated cost of its plant equipment at June 30, 1920. *Appeals of Cleveland Home Brewing Co.*, 1 B. T. A. 87; *Russell Milling Co.*, 1 B. T. A. 194; *Rub-No-More Co.*, 1 B. T. A. 228; and *Hamilton Manufacturing Co.*, 3 B. T. A. 1045.

*Judgment will be entered for the petitioner.*